IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SIMON BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:10cv14 (JCC/TCB) |
| | ) |
| REALTY MANAGEMENT | ) |
| SERVICE, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Simon Bank's Motion to Strike Defendant Realty Management Service Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(f). For the following reasons, the Court will deny Plaintiff's Motion.

**I. Background**

On December 11, 2009, Plaintiff Simon Banks ("Banks"), *pro se*, filed a complaint ("Complaint") in the Circuit Court of the City of Alexandria against Defendants Realty Management Services, Inc. ("Realty") and Henry's Wrecker Service (collectively "Defendants"). The Complaint alleges, among many things, that Defendants breached a contract for the rental of a parking space located at the Aventine Apartments in Alexandria,

1

Virginia.  On January 7, 2010, Defendant Realty removed the case from the Circuit Court of the City of Alexandria to this Court pursuant to 28 U.S.C. §1446.  On January 14, 2010, Defendant Realty moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Dkt. 3.]  On the same day, Plaintiff filed an amended complaint.  ("Amended Complaint").  [Dkt. 4.]  On January 19, 2010, Plaintiff filed a "Motion to Strike" Defendant Realty's January 7, 2010 Motion to Dismiss.  [Dkt. 9.]  Plaintiff's Motion to Strike is before the Court.

## II.  Standard of Review

Rule 12(f) allows a district court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A Rule 12(f) motion "is the primary procedure for objecting to an insufficient defense."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004).  A motion to strike a defense is, however, considered "a drastic remedy which is disfavored by the courts and infrequently granted."  *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W.Va. 1993); *see Mitchell v. First Central Bank, Inc.*, 2008 WL 4145449, at *1-2 (N.D. W.Va. Sept. 8, 2008); *United States v. Fairchild Indus., Inc.*, 766 F. Supp. 405, 408 (D. Md. 1991).  "Even where technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in absence of a showing

2

of prejudice to the moving party." *Clark*, 152 F.R.D. at 70 (internal quotations and citations omitted). In reviewing a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." *Id.* at 71 (*citing Lirtzman v. Spiegel, Inc.*, 493 F. Supp. 1029, 1031 n.1 (N.D. Ill. 1980); *Wohl v. Blair & Co.*, 50 F.R.D. 89, 91 (S.D.N.Y. 1970)). When a court strikes a defense, the general practice is to grant the defendant leave to amend. 5C Wright & Miller § 1381 (3d ed. 2004).

### III. Analysis

Rule 12(f) allows a district court to strike from "*a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Federal Rule of Civil Procedure 7(a) defines a "pleading" as (1) a complaint, (2) an answer, (3) a reply to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint, or (6) a third-party answer. Fed. R. Civ. P. 7(a). In light of the clearly defined meaning of a "pleading" under Rule 7(a), the Court holds that neither a motion to dismiss nor a memorandum in support thereof constitutes a pleading within the meaning of Rule 12(f). *See General Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 195-96 (4th Cir. 1964) (holding that Rule 7(a) precludes construing a statutorily required "notice" as a Rule 38 pleading); *also see In re Zweibon*, 565 F.2d 742, 747 (D.C. Cir.

1977) (holding that neither a cross-motion for summary judgment nor the opposition thereto constitutes a pleading within the meaning of Rule 38 in light of Rule 7(a)). Because Defendant Realty's Motion to Dismiss is not a pleading, the Court will not strike Defendant's motion from the docket.

Even though the Court will not "strike" Defendant Realty's Motion to Dismiss as requested by Plaintiff, the Court will deny Defendant's Motion to Dismiss the Complaint as moot. The original Complaint was filed in the state court on December 11, 2009 and Defendant Realty was served on December 17, 2009. [Dkt. 1.] Defendant Realty then removed the case from the state court to this court on January 7, 2010. Defendant moved to dismiss the original Complaint on January 14, 2010. [Dkt. 3.] On the same date, Plaintiff filed the amended complaint ("Amended Complaint") [Dkt.4.]

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its [Complaint] once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). No answer has been filed in this case. 21 days after service of Defendant Realty's Motion to Dismiss the original Complaint is February 4th, 2010. Thus, Plaintiff was allowed to amend their original complaint once as a matter of course on January 14, 2010. *See* Fed. R. Civ.

4

P. 15(a)(1)(B). In light of the fact that Plaintiff's original Complaint has been superseded by the Amended Complaint on January 14, 2010, the Court will deny Defendant Realty's Motion to Dismiss as moot.

### IV. Conclusion

For the reasons stated above, the Court will deny Plaintiff's Motion to Strike Defendant Realty's First Motion to Dismiss and will deny Defendant Realty's Motion to Dismiss Plaintiff's Complaint.

January 29, 2010  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE